IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-03165-CNS-MEH

MARLISA WILLIAMS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

Before the Court is Plaintiff's Motion to Amend Complaint to Assert Punitive Damages (ECF No. 44). The Court DENIES the motion for the following reasons.

### I. FACTS

On August 7, 2019, Plaintiff was injured when she lost control of a motorcycle and crashed after an unidentified RV drifted or swerved toward her (ECF No. 4 at 2). The parties disagree as to whether Plaintiff should have swerved or accelerated when the RV came near. At the time of the accident, Plaintiff was insured under an automobile insurance policy issued by State Farm with a $250,000 limit (ECF No. 4 at 3). Plaintiff claimed that her losses from the accident exceeded $224,240.00, including over $67,000.00 in past medical expenses (ECF No. 4 at 6). In a letter dated October 10, 2019, Defendant denied all medical payments coverage to Plaintiff because the motorcycle did not qualify as a covered vehicle under the policy (ECF No. 44-1 at 2).

1

On December 5, 2019, Defendant then opened an investigation, through which it obtained a typed statement from the tour company that was following behind Plaintiff at the time of the accident (ECF No. 44-1 at 3). For approximately two weeks, Defendant requested any video footage of the accident that the tour guide or tour participants may have had in their possession (ECF No. 47 at 4). The tour company responded, indicating that no one had video footage (ECF No. 47 at 4). On December 13, 2019, Defendant organized a roundtable of seven or eight people which reviewed and discussed the evidence that Defendant had obtained and ultimately assigned 80-90% of the fault to Plaintiff (ECF No. 47 at 5).

On December 31, 2019, Defendant notified Plaintiff that it had completed its investigation of her claim and attributed 80-90% of fault to Plaintiff and 10-20% of fault to the uninsured RV driver (ECF No. 44-1 at 4). Then on September 14, 2020, State Farm sent a letter further explaining Plaintiff's settlement to be $68,103.93 in "Special Damages" and $2,500.00 in "General Damages," reduced by 90% fault to $7,060.39 (ECF No. 44-1 at 9). Plaintiff states she never received notice that the investigation was settled through roundtable nor any underlying explanation for the fault determination, which she claims Defendant decided arbitrarily. (ECF No. 44 at 3). Plaintiff also asserts that Defendant only requested $14,000 when it should have requested $68,000 from the insurance adjuster reviewing the claim (ECF No. 44 at 4).

After this offer, both parties exchanged multiple correspondences related to whether a video recording of the accident existed (ECF No. 4 at 6). Neither party found a video recording. On September 9, 2021, Plaintiff provided Defendant with an Accident Reconstruction Report from an accident reconstructionist. Defendant did not change its determination based on this report nor did Defendant investigate further (ECF No. 44 at 4).

The current motion was filed on July 31, 2023 (ECF No. 44 at 1). A four-day jury trial is set to commence on October 16, 2023 (ECF No. 41).

## II.  LEGAL STANDARD

Under Colorado Revised Statute § 13-21-102(1.5)(a), a claim for exemplary damages may not be included in any initial claim for relief but may be amended to the pleadings after initial disclosures are exchanged and "the plaintiff establishes prima facie proof of a triable issue." Federal Rules of Civil Procedure 15 and 16 do not govern this analysis, instead this analysis is controlled by § 13-21-102. *See Am. Ins. Co. v. Pine Terrace Homeowners Ass'n*, No. 20-CV-00654-DDD-MDB, 2022 WL 5240648, at *3 (D. Colo. Oct. 6, 2022). This is a lenient standard. *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). The Court may deny a motion to amend to add exemplary damages if there is delay, bad faith, undue expense, or other demonstrable prejudice. *Id.*

§ 13-21-102 provides that an award of exemplary damages is permissible when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a).  In Colorado, willful and wanton conduct is defined as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b). "Simple negligence cannot support such an award," rather, "where a defendant is conscious of both its conduct and the existing conditions, and knew or should have known that injury would result, the requirements of 13-21-102 are met." *Blood v. Qwest Servs. Corp.*, 224 P.3d 301, 314 (Colo. App. 2009). "Such proof is established by a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution."

*Graham v. State Farm Mut. Auto. Ins. Co.*, No. 19-CV-00920-REB-NYW, 2020 WL 9720368, at *3 (D. Colo. June 30, 2020) (internal quotations and citation omitted).

### III. ANALYSIS

After reviewing the motions and case file and viewing the evidence in the light most favorable to the Plaintiff, the Court finds that Plaintiff has failed to sufficiently identify facts that establish a prima facie case of willful and wanton conduct. Plaintiff contends that Defendant acted willfully and wantonly because it: (1) mistakenly told Plaintiff her motorcycle did not qualify as a covered vehicle under the policy; (2) did not fully evaluate her claim because it used the roundtable method; (3) did not send a written explanation as to why it applied 80-90% fault to Plaintiff; and (4) said Plaintiff had no intention of finding the Tortfeasor.

To prove common law bad faith, Plaintiff must prove two elements: "(1) that the defendant acted unreasonably under the circumstances, and (2) the defendant either knowingly or recklessly disregarded the validity of the plaintiff's claim for insurance coverage." *Stemple v. State Farm Mut. Auto. Ins. Co.*, No. 17-cv-02381-CMA-STV, 2019 WL 2866587, at *4 (D. Colo. July 3, 2019). To establish a prima facie case for exemplary damages for common law bad faith, Plaintiff must provide unrebutted evidence establishing that the breach was "purposefully committed which the [defendant] must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b) (emphasis added).

Certainly, circumstances of an insurer's investigation could provide evidence of purposeful conduct, done carelessly and recklessly without regard to consequences or rights of others. *See Schimek*, 2017 WL 3621833, at *4 (citations omitted); *Cunningham v. Standard Fire Ins. Co.*, No.

4

07-cv-02538, 2008 WL 4371929, at *1-2 (D. Colo. Sept. 23, 2008). But a prima facie case of willful and wanton conduct requires more than the same bad acts that underlie the claim for common law bad faith. Here, Plaintiff points to evidence of mistake and a lack of explanation from Defendant about her claim, but this does not rise to evidence of intentional and reckless conduct. Plaintiff points to no specific facts that demonstrate that Defendant's representatives must have realized that their respective or collective actions were done thoughtlessly without regard to consequences to the Plaintiff.

## IV.  CONCLUSION

Accordingly, Plaintiff's motion to amend is DENIED (ECF No. 44).

DATED this 14th day of September 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge